IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

**KEVIN E. TURNBOW**                                                                                **PLAINTIFF**

**vs.**                                                                          **CIVIL ACTION NO. 2:11CV149-SAA**

**MICHAEL ASTRUE,**
**Commissioner of Social Security**                                                          **DEFENDANT**

## MEMORANDUM OPINION

This case involves an application under 42 U.S.C. § 405(g) for judicial review of the decision of the Commissioner of Social Security denying the application of plaintiff Kevin E. Turnbow for a period of disability and disability insurance benefits and supplemental security income payments under Section 1614(a)(3) of the Act. Plaintiff protectively filed for benefits on February 28, 2007, alleging that he became disabled on December 29, 2006 due to myofascial pain, epigastric and chest pain, migraine headaches, diverticulosis, irritable bowel syndrome, gastroesophageal reflux disease, gastroparesis and depression. Docket 8, p. 21-22, 143. The plaintiff's claim was denied initially on June 6, 2007 and on reconsideration on September 14, 2007. *Id.* at 65-67,73-74. Plaintiff timely requested, and testified at, an administrative hearing that was held on June 10, 2009. *Id.* at 29-58. The ALJ issued an unfavorable decision on September 29, 2009 (*Id.* at 19-28), and the Appeals Council denied plaintiff's request for a review on June 10, 2011. *Id.* at 6-8. The plaintiff timely filed this appeal from the Commissioner's decision, and it is now ripe for review.

Because both parties have consented to have a magistrate judge conduct all the proceedings in this case as provided in 28 U.S.C. § 636(c), the undersigned has the authority to issue this opinion and the accompanying final judgment.

## I.  FACTS

The plaintiff was born on June 16, 1970 and was thirty-eight years old at the time of the hearing.  Docket 8, p. 34.  He completed the tenth grade and obtained his GED.  *Id.* at 34-35.  His past relevant work was that of a truck driver and an electrician's assistant.  *Id.* at 35.  He contends that he became disabled on December 29, 2006 due to myofascial pain, epigastric and chest pain, migraine headaches, diverticulosis, irritable bowel syndrome, gastroesophageal reflux disease (GERD), gastroparesis and depression.  *Id.* at 21-22, 143.  At steps one and two of the five-step analysis, the ALJ found that plaintiff had not engaged in substantial gainful activity since his alleged onset date, December 29, 2006 and that his myofascial pain, epigastric and chest pain, headaches, irritable bowel syndrome, GERD, and gastroparesis were severe impairments.  *Id.* at 21.  However, the ALJ determined at step three that plaintiff's impairments or combination of impairments did not meet or equal any listing as defined by 20 C.F.R. Pt. 404, Subpt. P., App. 1.  *Id.* at 24.  At steps four and five the ALJ rejected his claims of disability, concluding that even though the plaintiff has severe impairments and cannot perform his past relevant work, there nevertheless are jobs which exist in significant numbers in the national economy which plaintiff can perform.  Consequently, he found plaintiff was not disabled.

Plaintiff claims that the ALJ erred by failing to recontact his treating physician concerning plaintiff's need for a cane, by not giving proper weight to his treating physician's opinion, by improperly discounting plaintiff's credibility, and not ordering a necessary consultative examination.  Docket # 13.  Because the court finds that the ALJ should have recontacted the plaintiff's treating physician, and the case will be remanded as a result, the court

will only address this issue.

## II. STANDARD OF REVIEW

In determining disability, the Commissioner, through the ALJ, works through a five-step sequential evaluation process.[1] The burden rests upon plaintiff throughout the first four steps of this five-step process to prove disability, and if plaintiff is successful in sustaining his burden at each of the first four levels, then the burden shifts to the Commissioner at step five.[2] First, plaintiff must prove he is not currently engaged in substantial gainful activity.[3] Second, plaintiff must prove his impairment is "severe" in that it "significantly limits [his] physical or mental ability to do basic work activities . . . ."[4] At step three the ALJ must conclude plaintiff is disabled if he proves that his impairments meet or are medically equivalent to one of the impairments listed at 20 C.F.R. Part 404, Subpart P, App. 1, §§ 1.00-114.09 (2010).[5] If plaintiff does not meet this burden, at step four he must prove that he is incapable of meeting the physical and mental demands of his past relevant work.[6] At step five, the burden shifts to the Commissioner to prove, considering plaintiff's residual functional capacity, age, education and

---

[1] *See* 20 C.F.R. §§ 404.1520, 416.920 (2010).

[2] *Crowley v. Apfel,* 197 F.3d 194, 198 (5th Cir. 1999).

[3] 20 C.F.R. §§ 404.1520(b), 416.920(b) (2010).

[4] 20 C.F.R. §§ 404.1520(c), 416.920(c) (2010).

[5] 20 C.F.R. §§ 404.1520(d), 416.920(d) (2010). If a claimant's impairment meets certain criteria, that claimant's impairments are "severe enough to prevent a person from doing any gainful activity." 20 C.F.R. § 416.925 (2003).

[6] 20 C.F.R. §§ 404.1520(e), 416.920(e) (2010).

past work experience, that he is capable of performing other work.[7] If the Commissioner proves other work exists which plaintiff can perform, plaintiff is given the chance to prove that he cannot, in fact, perform that work.[8]

The court considers on appeal whether the Commissioner's final decision is supported by substantial evidence and whether the Commissioner used the correct legal standard. *Crowley v. Apfel,* 197 F.3d 194, 196 (5th Cir. 1999); citing *Austin v. Shalala*, 994 F.2d 1170 (5th Cir. 1993); *Villa v. Sullivan,* 895 F.2d 1019, 1021 (5th Cir. 1990). The court has the responsibility to scrutinize the entire record to determine whether the ALJ's decision was supported by substantial evidence and whether the proper legal standards were applied in reviewing the claim. *Ransom v. Heckler*, 715 F.2d 989, 992 (5th Cir. 1983). The court has limited power of review and may not reweigh the evidence or substitute its judgment for that of the Commissioner,[9] even if it finds that the evidence leans against the Commissioner's decision.[10] The Fifth Circuit has held that substantial evidence is "more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Crowley v. Apfel*, 197 F.3d 194, 197 (5th Cir. 1999) (citation omitted). Conflicts in the evidence are for the Commissioner to decide, and if there is substantial evidence to support the decision, it must be affirmed even if there is evidence on the other side. *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990). The court's inquiry is whether the record, as a whole, provides sufficient

---

[7]20 C.F.R §§ 404.1520(g), 416.920(g) (2010).

[8]*Muse*, 925 F.2d at 789.

[9]*Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988).

[10]*Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994); *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988).

evidence that would allow a reasonable mind to accept the conclusions of the ALJ. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "If supported by substantial evidence, the decision of the [Commissioner] is conclusive and must be affirmed." *Paul v. Shalala,* 29 F.3d 208, 210 (5th Cir. 1994), citing *Richardson v. Perales,* 402 U.S. 389, 390, 28 L.Ed.2d 842 (1971).

### III. DISCUSSION

Plaintiff argues that the ALJ's ultimate opinion was not supported by substantial evidence because the ALJ should have more fully developed the record and contacted his treating physician for further opinions regarding plaintiff's need to use a four-prong cane. Docket 13, p. 6. Specifically, the plaintiff references the ALJ's opinion:

> He reported that he requires a cane for balance and to help when he becomes dizzy. The claimant reported falling on multiple occasions due to dizziness/balance issues. While he has been prescribed a cane, due to his alleged dizziness, there is no indication in the file that [he] is incapable of minimal ambulation without the use of his cane.

Docket 8, p. 25. Plaintiff asserts that "upon finding that his treating physician, Dr. Jeffery Hoover prescribed the cane, [the ALJ] had an obligation to determine whether or not this cane was necessary since the use of a regular cane, or especially a four pronged cane would eliminate many, if not all, jobs in the workplace." Docket 13, p. 7.

The Commissioner responds that the ALJ did not need to re-contact the treating physician to clarify whether plaintiff had a medical or physical need to use a cane to walk because the record did not contain inconclusive or inadequate evidence, and the ALJ had "ample evidence" to render a decision without re-contacting him. Docket 14, p. 7. The Commissioner further argues that the plaintiff can show no prejudice from the ALJ's failure to re-contact Dr. Hoover because the ALJ accommodated plaintiff's alleged instability and dizziness in his RFC.

5

*Id.* at 8-9.

Reading the record as a whole, the court concludes that the ALJ's opinion is not supported by substantial evidence, and the case should be remanded for further consideration. An ALJ has a duty to contact a treating physician or other medical sources "[w]hen the evidence . . . receive[d] from [a] treating physician . . . is inadequate . . . to determine whether [a claimant] is disabled." 20 C.F.R. §§ 404.1512(e). The regulations further provide "additional evidence or clarification *will* be sought [emphasis added by the court] when the report from [a] medical source contains a conflict or ambiguity that must be resolved, the report does not contain all the necessary information, or does not appear to be based on medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. §§ 404.1512(2)(1).

Dr. Hoover had specifically prescribed a four-point cane, instead of the single cane plaintiff had been using, citing plaintiff's dizziness/near syncope. The ALJ relied upon a report by Dr. Kamal Mohan, a consultative examiner, to support his conclusion that the plaintiff did not need a cane to walk. Dr. Mohan did not provide an opinion as to whether plaintiff needed a cane, but he noted that plaintiff did not use any "handheld device" and was ambulating slowly during his examination. Docket 8, p. 319. Instead of obtaining actual evidence concerning plaintiff's ability to walk without assistance, the ALJ relied upon the fact that "there is no indication in the file that [plaintiff] is incapable of minimal ambulation without the use of a cane." Docket 8, p. 25.

The ALJ had a duty to re-contact Dr. Hoover to obtain additional evidence or clarification whether plaintiff needed the four-point cane to ambulate on a regular basis. At the very least, there is a conflict or ambiguity as to whether the cane is necessary, and this issue must

6

be resolved as required by 20 C.F.R. § 404.1512(e). In light of the fact that plaintiff was prescribed a four-prong cane by his treating physician of at least five years, the evidence in the file certainly leans toward requiring plaintiff to use a cane and not the opposite.

The court expresses no opinion regarding whether the plaintiff is actually disabled, and, indeed, there are multiple negative objective test results in the medical records indicating no clinical basis for plaintiff's claimed physical impairments. Nor has Dr. Hoover ever referred plaintiff for evaluation and treatment of plaintiff's claimed depression. Nor does it appear that Dr. Hoover has ever treated plaintiff's claimed physical and mental impairments by any means other than prescribing strong medications.

Nevertheless, a treating physician such as Dr. Hoover, who has seen the plaintiff regularly for at least five years, has a unique perspective regarding the plaintiff's abilities, limitations, medical history and diagnosis. In addition, plaintiff's wife testified and his mother reported that plaintiff requires substantial assistance to perform many daily activities. The ALJ should have contacted Dr. Hoover and inquired into the discrepancy which the ALJ saw between (1) the doctor's RFC assessment and plaintiff's relatives' evidence as to plaintiff's physical and mental limitations and (2) the doctor's medical records, as well as to inquire whether plaintiff has a need for regular use of the cane or whether he could perform the light duty jobs testified to by the VE without the use of a cane.[11] Therefore, the ALJ's opinion is unsupported by substantial evidence and must be remanded for further consideration consistent with this opinion.

---

[11]The ALJ failed to inquire as to whether plaintiff could perform the jobs identified by the VE. This failure further diminishes the Commissioner's argument that the failure to re-contact the treating physician was not prejudicial to plaintiff.

## IV. PLAINTIFF'S REMAINING ARGUMENTS

This action will be remanded to the ALJ with directions that he re-contact Dr. Hoover to obtain further information on whether plaintiff medically requires regular use of a cane to ambulate, to clear up the discrepancy which the ALJ saw between the doctor's records and his RFC assessment and to reconsider the decision after obtaining this additional information. Because the court is remanding for further consideration of this issue, the court need not address the merits of the plaintiff's remaining arguments at this time.

## VI. CONCLUSION

A final judgment in accordance with this memorandum opinion will issue this day.

SO ORDERED, this, the 4th day of June, 2012.

/s/ S. Allan Alexander
UNITED STATES MAGISTRATE JUDGE